IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-03096-PAB

THE LIGHTSTONE GROUP, LLC, et al.,

    Plaintiffs,

v.

C.W. HORTON GENERAL CONTRACTOR, et al.,

    Defendants.

## ORDER

This matter is before the Court on plaintiffs' complaint [Docket No. 1] filed on December 21, 2010. The complaint alleges that the Court has jurisdiction over this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332. *See* Docket No. 1 at 3, ¶ 22. With respect to the citizenship of the parties, the complaint further avers, in pertinent part, the following:

- "Plaintiff The Lightstone Group, LLC ('Lightstone') is a New Jersey limited liability corporation with its principal offices at 460 Park Avenue, 13th Floor, New York, NY 10022." Docket No. 1 at 1, ¶ 1.

- "Upon information and belief, Defendant, C.W. Horton General Contractor ('C.W. Horton') is a California based entity with its principal offices located at 24219 Clawiter Road in Hayward, California." Docket No. 1 at 2, ¶ 5.

- "Upon information and belief, Defendant Evelio Trasvina is a California resident with a last known address of 69 Faun Drive in Lemoore, California." Docket No. 1 at 2, ¶ 6.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens*

*Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court may not proceed in a case.  *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).  Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence.  First, it is the Court's duty to do so.  *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter.").  Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings."  *Laughlin*, 50 F.3d at 873.  Finally, delay in addressing the issue only compounds the problem that despite much time and expense dedicated to a case, it must be undone by dismissing or remanding the case regardless of the stage it has reached.  *See U.S. Fire Ins. Co. v. Pinkard Const. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Plaintiffs' allegations invoke 28 U.S.C. § 1332(a)(2), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state."[1]  The facts as presently averred do not provide

---

[1] Plaintiffs allege that "Plaintiff[] Certain Underwriters at Lloyds, London Under Cover Notes BK000715T and BK000730T . . . is a Foreign Corporation with its principal

2

sufficient information regarding the citizenship of plaintiff Lightstone and of the defendants.

While, for diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business," 28 U.S.C. § 1332(c)(1); *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990), these considerations are irrelevant to the determination of an LLC's citizenship. Although the Supreme Court and the Tenth Circuit have not spoken specifically on the issue of citizenship of LLCs, the consensus throughout the circuits is that an LLC, much like a partnership, is deemed to be a citizen of all of the states of which its members are citizens. *See U.S. Advisor, LLC v. Berkshire Prop. Advisors*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at *2 (D. Colo. July 10, 2009) (listing cases).

Furthermore, when an entity consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes. In other words, when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court. *See U.S. Advisor, LLC*, 2009 WL 2055206, at *2; *SREI-Miami, LLC v. Thomas*, No. 08-cv-

---

offices located in London, England, United Kingdom." Docket No. 1 at 1, ¶ 3. There is a divergence of opinion among the circuits regarding the treatment under § 1332(a) of Lloyd's of London syndicates like the plaintiff. *See* William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 2:328.2 (nat'l ed. 2009). In this circuit, a Lloyd's syndicate is regarded as an alien corporation, incorporated under the laws of England with its principal place of business in London, England. *See Society of Lloyd's v. Reinhart*, 402 F.3d 982, 1002-03 (10th Cir.2005).

00730-MSK-BNB, 2008 WL 1944322, at *1 (D. Colo. May 2, 2008); *see also Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, No. 06-88-A, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007); *cf. Carden*, 494 U.S. at 195 ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members.").[2] Thus far, plaintiffs have not accounted properly for the citizenship of Lightstone.

As noted above, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). In regard to defendant C.W. Horton, however, plaintiffs fail to allege the company's state of incorporation. Moreover, a natural person is a citizen of the state in which he or she is domiciled, not necessarily where he or she resides. *See Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id.* at 1260. Plaintiffs' allegations regarding defendant Trasvina's residency and last known address are therefore insufficient.

Finally, plaintiffs' complaint also fails to comply with the Local Rules. The complaint is single-spaced. *See* D.C.COLO.LCivR 10.1(E) ("All papers shall be double-spaced."). Moreover, the parties are not "listed in a caption with one party per line." *See* D.C.COLO.LCivR 10.1(J).

---

[2]In regard to any constituent corporation, its "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, --- U.S. ----, 130 S. Ct. 1181, 1192 (2010).

4

For the foregoing reasons, it is

**ORDERED** that plaintiffs' complaint [Docket No. 1] is DISMISSED without prejudice.

DATED December 22, 2010.

                                    BY THE COURT:

                                    s/Philip A. Brimmer
                                    PHILIP A. BRIMMER
                                    United States District Judge